## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

RICK DANIELS and ANNA DANIELS,     )
                                          )
Plaintiffs,                 )
                                          )
vs.                          )
                                        )
LIBERTY MUTUAL INSURANCE COMPANY,   )
JOSEPH JASKOLSKI, individually,    )
NATIONAL INSURANCE CRIME BUREAU,    )
THOMAS KERR, individually,        )   NO. 2:06-CV-213
VEHICLE INVESTIGATIONS NATIONWIDE   )
INC., MICHAEL A. EVANS, individually )
and d/b/a AIT LABORATORIES,      )
                                         )
Defendants.                )
*************************************
JOSEPH JASKOLSKI, individually, and )
the NATIONAL INSURANCE CRIME BUREAU, )
                                         )
Defendants/Petitioners,    )
                                         )
vs.                          )
                                         )
ALBERTO R. GONZALES, Attorney General )
of the United States of America,   )
JOSEPH S. VAN BOKKELEN, United States )
Attorney for the Northern District of )
Indiana, and THE UNITED STATES OF   )
AMERICA,                       )
                                         )
Respondents.               )

## OPINION AND ORDER

This matter is before the Court on (1) Jospeh Jaskolski and National Insurance Crime Bureau's Petition for Certification of Scope of Employment Pursuant to 28 U.S.C. section 2679(d)(3), filed by

Joseph Jaskolski and the National Insurance Crime Bureau on June 19, 2006; and (2) the United States' Motion for Remand under 28 U.S.C. section 2679, filed by the United States on June 29, 2006.  For the reasons set forth below, the Petition for Certification is **DENIED** and the motion for remand is **GRANTED**.  The Clerk is **ORDERED** to **REMAND** this cause to the Superior Court of Lake County, Indiana.


BACKGROUND

Jaskolski is an investigator with the National Insurance Crime Bureau ("NICB").  In this action, Jaskolski and the NICB have filed a petition seeking an order declaring that Jaskolski was an "employee of the government" under 28 U.S.C. section 2671 during a grand jury investigation and criminal prosecution of Plaintiff, Rick Daniels. The Federal Employee Litigation Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (the "Westfall Act"), provides a procedural mechanism to ask the Attorney General to determine the scope of employment and then petition this Court to review the Attorney General's decision.  Jurisdiction is therefore present under 28 U.S.C. section 2679(d)(3).

The NICB is a not-for-profit organization funded by insurance companies to investigate and detect instances of insurance fraud. During the course of his salaried employment with the NICB, Jaskolski worked with the FBI and the United States Attorney's Office on the investigation of Rick Daniels and Kenneth Daniels stemming from an

insurance claim that arose from an October 23, 1998 motorhome fire. As a result, Rick and Kenneth Daniels faced a multi-count criminal prosecution in the case captioned *United States of America v. Daniels, et al.*, case number 2:00-CR-202, in this Court.

A jury trial was held, and the Daniels were acquitted of their criminal charges. Thereafter, Rick Daniels and his wife Anna Daniels filed two state court actions which were consolidated into this 15-count lawsuit in Lake County Superior Court (Cause No. 45D01 0112 CT 193), alleging that NICB, Jaskolski, and other parties maliciously prosecuted the Daniels by intentionally causing the federal criminal prosecution to be instituted against them. Jaskolski and the NICB notified the United States Attorney of the suit under 28 U.S.C. section 2679(c), and asked the United States Attorney to certify that Jaskolski was acting as an "employee of the government" as defined in 28 U.S.C. section 2671. The United States Attorney sent the request to the Department of Justice in Washington, D.C., the Associate Attorney General considered the request, and declined to issue the section 2679 certification. This case was removed to this Court so the petition for determination of the scope of employment of Jaskolski could be decided by this Court.

During Jaskolski's investigation and participation in the prosecution of the Daniels, Jaskolski was a salaried employee of the NICB. The NICB received a request from Liberty Mutual Insurance Company to investigate an insurance claim that had been made by

-3-

Liberty Mutual's insureds, the Daniels. Jaskolski opened a case file, gathered information for three or four weeks, then contacted the Federal Bureau of Investigation ("FBI"). On April 1, 1999, Jaskolski met with Special Agent Timothy Campbell to discuss the Daniels' insurance claim. At that meeting, Agent Campbell decided to request that the United States Attorney's office open a criminal investigation into the claim, and he also asked Jaskolski to assist in the investigation. Jaskolski described the relationship as a joint investigation with the FBI. Jaskolski was never paid by the FBI.

Jaskolski contends he was acting under the supervision of the FBI because he executed a certification pursuant to Federal Rule of Criminal Procedure Rule 6(e). In a related case, *Jaskolski v. Daniels*, *et. al.*, 2:03-cv-479, pending in this Court, an issue arose regarding whether Jaskolski was required to disclose grand jury materials pursuant to Federal Rule of Criminal Procedure 6. During his investigation, Jaskolski had access to grand jury information and the United States Attorney's Office treated Jaskolski as if he fell within the provision of Rule 6(e)(3)(A)(ii) that permits disclosure of grand jury matters to government personnel, and filed a notice of disclosure with the Court pursuant to Rule 6(e)(3)(b). During the course of discovery in the state court action, the Daniels sought disclosure of materials that Jaskolski claimed were grand jury materials, and Jaskolski argued that the Daniels had to follow the procedures of Rule 6 to obtain disclosure of the materials. Instead,

-4-

the Daniels filed two motions to compel in the state court proceeding, and the motions were granted.  In response, Jaskolski and the NICB filed the federal case, cause number 2:03-cv-479, requesting a preliminary injunction.

In an order dated August 31, 2004, this Court granted the motion for preliminary injunction.  The issue for that motion was whether Jaskolski was "government personnel" in the criminal prosecution - for, if he was, then he "must not disclose a matter occurring before the grand jury."  Fed. R. Crim. P. 6(e)(2)(B).  In ruling on the motion for preliminary injunction, this court specifically declined to consider the definition of "employee of the government" of the FTCA in considering if Jaskolski was "government personnel" under Rule 6, because Jaskolski and the NICB provided no persuasive justification for using the FTCA's definition.  *See Jaskolski v. Daniels*, 2:03-CV-479, slip op., at 6 n. 2.  This Court reasoned that it was more likely than not that Jaskolski did not fit within the definition of "government personnel" under Rule 6, but concluded "that any grand jury information disclosed to Jaskolski should not be freely divulged merely because the Government may have erred, in good faith, by treating Jaskolski as 'government personnel.'" (*Id.* at 11-12.)  The Seventh Circuit affirmed this decision in *Jaskolski v. Daniels*, 427 F.3d 456 (7th Cir. 2005), noting that although the parties wanted the Court "to determine the proper classification of private insurance investigators under Rule 6(e)(3)(A)(ii)," the Court declined to decide

-5-

whether Jaskolski acted as "government personnel" finding:

> Disclosure was made to Jaskolski under Rule 6(e)(3)(A)(ii).  Whether the disclosure was made "properly" or "correctly" is neither here nor there.  Rule 6(e)(2)(B) asks whether disclosure has been "made under" a particular subsection, not whether the subsection was applied correctly. This protects the prosecutor's (and the witnesses') reliance interests and prevents a blunder from opening the investigatory files.

*Id.* at 459, 461.  Thus, neither this Court nor the Seventh Circuit directly ruled upon whether Jaskolski was "government personnel" for the purposes of Rule 6 (much less have the Courts ruled upon whether Jaskolski was an "employee of the government" under the FTCA).

Returning to the investigation at issue, Special Agent Timothy Campbell of the FBI asked Jaskolski to assist in the investigation. (Jaskolski Aff. ¶ 4.)  According to Jaskolski, it was clear to him that any assistance he provided would be subject to the terms of the Rule 6(c) certification he had previously signed. (*Id.* ¶ 6.) Jaskolski attests in his affidavit that generally, he assisted in the following areas:

> a. Accompanied Agent Campbell on interviews of witnesses;
> b. Accompanied Agent Campbell on site or other inspections;
> c. Assisted in reviewing documents as directed;
> d. Assisted in escorting of witnesses at grand jury proceedings;
> e. Assisted United States Attorney Clarence Butler at trial.

(*Id.* ¶ 7.)  With regard to those activities, Jaskolski claims he "did only what [he] was told to do by either Agent Campbell or AUSA Butler,

or other FBI agents and U.S. Attorneys." (*Id.* ¶ 8.)  Additionally, Jaskolski claims he acted "under the direct supervision or control of either Agent Campbell or Agent Butler" and that they "always decided what particular result to achieve and they alone decided also to achieve that result in a particular way at a particular location at a particular time with particular documents or persons." (*Id.* ¶ 9.) Jaskolski "did not and could not exercise any independent judgment of [his] own with regard to any aspect of the investigation, indictment or prosecution of the Daniels." (*Id.* ¶ 10.)  He interviewed only those witnesses directed by Agent Campbell or AUSA Butler, and one of them was always physically present and directly supervising or directing Jaskolski. (*Id.* ¶ 11.)  Similarly, Agent Campbell or AUSA Butler decided what documents to subpoena or obtain, as well as the inspections to conduct.  (*Id.* ¶ 12.)

At trial, Jaskolski assisted Agent Campbell or AUSA Butler according to their directions (such as requests for documents or other information). (*Id.* ¶ 14.)  At the trial, Jaskolski sat at counsel table, but was introduced as a representative of the NICB. (Jaskolski Dep., p. 254.)  Jaskolski considered himself a part of the prosecution team. (Jaskolski Dep., p. 161.) Jaskolski did not report to anyone at the NICB any information regarding the Daniels investigation or prosecution, and no one at the NICB influenced his investigation and prosecution of the Daniels. (Jaskolski Aff., ¶ 16.)  While Jaskolski worked on the Daniels case, he also worked on other cases assigned to

him by his supervisor at the NICB.  (Jaskolski Dep., pp. 204-05.)

DISCUSSION

The United States may not be sued without the express consent of Congress.  *United States v. Mitchell*, 445 U.S. 535, 539 (1980).  The Federal Tort Claims Act ("FTCA") is a limited waiver of the sovereign immunity of the United States.  *Warrum v. United States*, 427 F.3d 1048, 1049-50 (7th Cir. 2005).  As a waiver of sovereign immunity, "the FTCA must be strictly interpreted."  *Quilico v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984).

The Westfall Act amended portions of the FTCA to extend immunity from liability to federal employees sued for tortious conduct occurring within the scope of their employment.  *See Taboas v. Mlynczak*, 149 F.3d 576, 579 n. 1 (7th Cir. 1998).  When a defendant files a tort action against a federal employee, the Attorney General may certify that the employee acted within the scope of his office or employment with respect to the actions giving rise to the suit, thereby effectuating a substitution of the United States of America as the lone defendant.  *Id.*, 28 U.S.C. § 2679(d)(1).  In this case, Jaskolski and the NICB requested certification from the United States Attorney for the Northen District of Indiana, asking the United States Attorney to certify that Jaskolski was acting as an "employee of the government" as defined in 28 U.S.C. section 2671.  The request was forwarded to the United States Department of Justice in Washington,

D.C., and certification was denied.

Under 28 U.S.C. section 2679, if the Attorney General or his designee refuses to certify that a defendant was a federal employee acting within the scope of employment, the aggrieved person can petition this Court to make such a certification:

> In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. . . . In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

28 U.S.C. § 2679(d)(3). If Jaskolski and the NICB's petition for certification is denied, this case will be remanded to state court.

Initially, the Court notes that the parties dispute the applicable burden of proof. Our review is de novo to determine if certification was properly denied. *Hamrick v. Franklin*, 931 F.2d 1209, 1211 (7th Cir. 1991). Additionally, because the parties dispute whether Jaskolski was an employee of the Government (not whether he

exceeded the scope of his employment), "[t]his is purely a question of statutory interpretation on which neither party bears the burden of proof." *Sullivan v. United States*, 21 F.3d 198, 201 n.6 (7th Cir. 1994).  The United States argues that a plaintiff challenging the decision of the Attorney General to deny certification has the burden of coming forward with specific facts rebutting the decision.  This is not true in this case.  Upon certification, the plaintiff bears the "burden of showing that the [defendant's] conduct was not within the scope of employment." *Hamrick*, 931 F.2d at 1211.  However, this burden is inapplicable to the question of whether an individual defendant is a federal employee.  *See Ezekiel v. Michel*, 66 F.3d 894, 899-900 (7th Cir. 1995).  The language of the FTCA's certification provision assumes that the defendant is a federal employee, therefore, the certification is only relevant to whether the named defendant was acting within the scope of his federal employment, not whether the defendant was a federal employee.  *Id.*  In this case, the United States does not contend that Jaskolski exceeded the scope of his employment, rather, it argues that he is not a federal employee at all.

The FTCA permits the United States to be sued for the negligence of its "employees" acting in the scope of their employment under circumstances where the United States would be liable under applicable state law if it were a private person.  28 U.S.C. § 1346.  The FTCA defines "employee of the government" as follows:

> "Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and **persons acting on behalf of a federal agency in an official capacity**, temporarily or permanently in the service of the United States, whether with or without compensation.

28 U.S.C. § 2671 (emphasis added).   Whether an individual is an employee of the United States for purposes of the FTCA is determined by federal law.  *See Logue v. United States*, 412 U.S. 521, 528 (1973); *Ezekiel*, 66 F.3d at 899.  Additionally, individuals and organizations that are independent contractors are specifically not included under the FTCA.[1]    There is no contention that Jaskolski was an officer or employee of a federal agency, or an active member of the military forces.  The parties dispute whether Jaskolski was a person "acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States."  28 U.S.C. § 2671.

Jaskolski and the NICB's strongest argument is that the Government treated Jaskolski as Government personnel (as found by the Seventh Circuit), and, in the previous dispute over grand jury

---

[1]Section 2671 reads:
> [T]he term "Federal Agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

28 U.S.C. § 2671.

materials disclosure, the Government actually argued that Jaskolski was Government personnel under Rule 6.  However, Rule 6's "government personnel" is not identical to the FTCA's "employee of the government."  Moreover, as noted earlier, neither this Court nor the Seventh Circuit decided whether Jaskolski was Government personnel under Rule 6.

In addressing the merits of this case, the Court must start at the test set forth by the Supreme Court in *Logue v. United States*, 412 U.S. 521, 527-28 (1973).  There, the Court held that a person is not an "employee of the Government" unless the Government has the authority to supervise the day-to-day activities of that individual.  In *Logue*, the Government was found not liable for the negligence of county jail employees resulting in the suicide of a prisoner.  Even though the county jail had a contract with the Federal Bureau of Prisons and was subject to federal regulations, the Court found the county jail was an independent contractor (not a federal employee), because the Federal Bureau of Prisons did not supervise the physical performance of its duties.  *Id.* at 529-30.  The same rationale led the Court to hold that the county jail employees were not "acting on behalf of the Government."  *Id.*  In making this determination, the *Logue* court noted that "modern common law as reflected in the Restatement of Agency . . . make the distinction between the servant or agent relationship and that of independent contractor turn on the absence of authority in the principal to control the physical conduct

-12-

of the contractor in performance of the contract," and referred to the basic definition of "master" and "servant" from the Restatement of Agency, section 2 (1958):

> (1) A master is a principal who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service.
> (2) A servant is an agent employed by a master to perform service in his affairs whose physical conduct in the performance of the service is controlled or is subject to the right to control by the master.

*Logue*, 412 U.S. at 527 (citing Restatement of Agency, § 2 (1958)).

Citing *Logue*, the Seventh Circuit has found that "before the defendants may be considered government employees, it must be demonstrated that the government is authorized to direct or control the detailed performance of the defendants' work." *Quilico*, 749 F.2d at 482. Notably, it is not necessary that the Government continually control all aspects of the individual's activities, so long as it has the authority to do so given the nature of the task. *See Means v. United States*, 176 F.3d 1376, 1380 (11th Cir. 1999). Yet, "[a]n individual cannot be an 'employee of the government' under the FTCA absent governmental authority to supervise or control that person's daily activities." *Id.*

So, whether Jaskolski can be considered a Government employee under the FTCA boils down to whether the Government was authorized to direct or control the day to day performance of Jaskolski's work. The Government argues that the statements in Jaskolski's affidavit

-13-

(contending that he worked at the control and direction of the FBI and the AUSA), are self-serving and irrelevant, citing *Wright v. United States*, 537 F. Supp. 568, 570 (N.D. Ill. 1982).  In *Wright*, the Court found that "[t]he self-serving characterizations of the parties are irrelevant" to the basic control test.  *Id.*  The assertions here are at least a little more than just characterizations by the parties. Jaskolski did attest to the accuracy of his affidavit.  Nevertheless, the NICB and Jaskolski concede that Jaskolski's affidavit may be "self-serving," however, such criticism is not a proper evidentiary objection.  (Petitioners Jospeh Jaskolski's and NICB's Combined Reply in Supp. of Their Westfall Pet. and Resp. to Respondents' Mots. for Remand, p. 15 n. 4.)  Affidavits can always be characterized as self-serving to some degree, and this Court has given Jaskolski's affidavit due consideration.

In applying the control test to this set of facts, the Court finds that the facts establish that the Government did not have the authority to control and direct Jaskolski's actions in the investigation and prosecution.  Although Jaskolski and the Government were clearly working together, there is no evidence in the record to show that the Government had the authority to control Jaskolski's day-to-day activities.  Jaskolski may have voluntarily done everything Agent Campbell and AUSA Butler asked, but that does not mean that the FBI and the AUSA had the power to coerce Jaskolski into doing things at their will.  In other words, evidence of the master/servant

relationship described in *Logue* is missing in this case.  *Logue* held that the "distinction between the servant or agent relationship and that of independent contractor turn on the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract."  *Logue*, 412 U.S. at 527.  Here, there has been no evidence presented to this Court that either the FBI or the AUSA had the **authority** to control the physical conduct of Jaskolski.  *See Thompson v. Dilger*, 696 F. Supp. 1071, 1075 (E.D. Va. 1988) ("Absent governmental authority to supervise or control a person's daily activities, that person cannot be an 'employee of the Government' under the FTCA.").

Moreover, although certainly not dispositive, this Court has taken into consideration that Jaskolski was not paid by the Government, and the fact that Jaskolski continued to work on other cases assigned to him by the NICB (his salaried employer) during the relevant time period.  Furthermore, the fact that Jaskolski brought this case to the attention of the FBI reflects Jaskolski's independence of action.  Although Agent Campbell asked Jaskolski to assist in the investigation, this was not a situation where the FBI sought out Jaskolski's help, and employed Jaskolski for a period of time.

Based upon all of these considerations, the Court finds the Government lacked the authority to control the detailed performance of Jaskolski and the NICB.  As such, Jaskolski is not an "employee of

-15-

the government" under the FTCA, and remand is appropriate.


<u>CONCLUSION</u>

For the reasons set forth below, the Petition for Certification is **DENIED** and the motion for remand is **GRANTED**.  The Clerk is **ORDERED** to **REMAND** this cause to the Superior Court of Lake County, Indiana.


**DATED:  September 14, 2006**          **/s/RUDY LOZANO, Judge**
                                        **United States District Court**