```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION

RICK DANIELS and ANNA DANIELS,  )
                                )
          Plaintiffs            )
                                )
     v.                         )
                                )
LIBERTY MUTUAL INSURANCE        )
COMPANY, JOSEPH JASKOLSKI,      )
individually, NATIONAL          )
INSURANCE CRIME BUREAU, THOMAS  )
KERR, individually, VEHICLE     )
INVESTIGATIONS NATIONWIDE INC.,)
MICHAEL A. EVANS, individually  )
and d/b/a AIT LABORATORIES,     )
                                )
          Defendants            )
******************************    Case No. 2:06 cv 213
JOSEPH JASKOLSKI, individually,)
and NATIONAL INSURANCE CRIME    )
BUREAU,                         )
                                )
          Petitioners           )
     v.                         )
                                )
ALBERTO R. GONZALES, Attorney   )
General of the United States of)
America, JOSEPH S. VAN BOKKELEN)
United States Attorney for the  )
Northern District of Indiana,   )
and THE UNITED STATES OF        )
AMERICA,                        )
                                )
          Respondents           )
```

                            OPINION AND ORDER

This matter is before the court on the Motion to Stay Remand Pending Appeal filed by the defendants/petitioners, Joseph Jaskolski and the National Insurance Crime Bureau, on September 19, 2006. The for the reasons set forth below, this motion is **DENIED**.

Background

Joseph Jaskolski is employed by the National Insurance Crime Bureau, a non-profit organization funded by insurance companies to investigate instances of insurance fraud. In this capacity, Jaskolski investigated an insurance claim that arose from an October 23, 1998 fire that damaged a motor home owned by the plaintiffs, Rick and Anna Daniels. In April 1999, Jaskolski discussed the case with representatives of the United States Attorneys Office. As a result, the FBI commenced an investigation into the fire, and Jaskolski participated with the FBI in a joint investigation.  Federal charges were filed against Rick Daniels, and Jaskolski attended the trial at which  Daniels was acquitted of charges stemming from the motor home fire.

Following acquittal, the Daniels filed a complaint in the Lake County Circuit Court against Jaskolski and the NCIB alleging malicious prosecution, intentional infliction of emotional distress, false imprisonment, negligence, defamation, fraud and other state law claims. Before the state court, Jaskolski and the NCIB requested certification from the United States Attorney for the Northern District of Indiana that Jaskolski was acting as a federal employee during the investigation. This request was forwarded to the United States Department of Justice and was denied.

The government's refusal to certify Jaskolski's employment status was made pursuant to the Westfall Act, 28 U.S.C. §2679. The Act provides that when a tort action is filed against a

2

federal employee, the Attorney General may certify that the employee was acting within the scope of his employment and substitute the United States as defendant. 28 U.S.C. §2679(d)(1). The following section provides that when the Attorney General has certified the employee's status, this certification "conclusively establish[es] scope of office or employment for purposes of removal." 28 U.S.C. §2679(d)(2). Following the government's refusal to certify Jaskolski, he exercised his right under the subsequent subsection of the Westfall Act, §2679(d)(3), to seek review of the Attorney General's determination before the state court. The government, pursuant to the same provision, removed the review of this determination to the district court. This provision further states that if the district court "determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court." 28 U.S.C. §2679(d)(3).

The district court concluded that Jaskolski was not a federal employee according to the terms of the Westfall Act and remanded the case to state court. *See* Opinion and Order, September 14, 2006. The district court recognized that during the investigation of the Daniels and the subsequent trial, Jaskolski remained a paid employee of the NCIB, not the government, and continued to work on NCIB's behalf. (Order, p. 15). The district court further held that Jaskolski presented no evidence that government employees had the authority to control Jaskolski's conduct that could be distinguished from his voluntary efforts to

3

assist in the investigation. Pursuant to §2679(d)(3), the district court remanded Jaskolski's claim to state court.

In response to the district court's order, Jaskolski and the NCIB filed a notice of appeal with the Seventh Circuit on September 18, 2006.  Before this court, they now seek a stay of the court's order remanding the claim pending the outcome of the appeal.

## Discussion

Whether this court may stay the order remanding Jaskolski's claim is determined by whether the September 14, 2006 order is appealable, or conversely, divested this court of jurisdiction over Jaskolski's claim. **Volvo Corporation of America v. Schwarzer**, 429 U.S. 1331, 1333, 97 S.Ct. 284, 285, 50 L.Ed.2d 273 (1976). *See also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* §3740 at 515 (3d ed. 1998) (*citing* **Irving Subway Grating Co. v. Silverman**, 117 F.Supp. 671 (D.C.N.Y. 1953)("Inasmuch as the defendants have no right of appeal from the order of remand, as stated in Title 28 U.S.C.A. §1447, this Court should not entertain such application for a stay.").

Orders of a district court remanding a case to a state court are subject to "a general rule of nonappealability." **Kircher v. Putnam Funds Trust**, __ U.S.__, 126 S.Ct. 2145, 2157, 165 L.Ed.2d 92 (2006). This rule has its source in 28 U.S.C. §1447(d), which provides that "an order remanding a case to the State court from

4

which it was removed is not reviewable on appeal or otherwise." According to the Supreme Court,

> the limitation found in §1447(d) has remained substantially unchanged since its enactment in 1887, and this Court has consistently ruled that the provision prohibits any form of review of remand orders. Congress' purpose in barring review of all remand orders has always been very clear to prevent the additional delay which a removing party may achieve by seeking appellate reconsideration of an order of remand. The removal jurisdiction extended by Congress works a significant interference in the conduct of litigation commenced in state court. While Congress felt that making available a federal forum in appropriate instances justifies some such interruption and delay, it obviously thought it equally important that when removal to a federal court is not warranted the case should be returned to the state court as expeditiously as possible. If this balanced concern is disregarded, federal removal provisions may become a device affording litigants a means of substantially delaying justice.
>
> ***Thermtron Products, Inc. v. Hermansdorfer*** 423 U.S. 336, 354-355, 96 S.Ct. 584, 594-595, 46 L.Ed.2d 542 (1976)

Although the language of §1447(d) appears to apply to any remand order, it contains notable exceptions. The Supreme Court has concluded that §1447(d) is applicable only when remand is based upon those factors described in §1447(c), specifically a "defect" in the removal process or a lack of subject matter jurisdiction. ***Things Remembered Inc. v. Petrarca***, 516 U.S. 124, 127-128, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995); ***Phoenix Container, L.P v. Sokoloff***, 235 F.3d 352, 354 (7th Cir. 2000). Further, the application of the §1447(d) ban on the appeal of a

5

remand order is not limited to remand orders expressly grounded on §1447(c). *Things Remembered Inc.*, 516 U.S. at 128, 116 S.Ct. at 497(*quoting* *United States v. Rice*, 327 U.S. 742, 752, 66 S.Ct. 835, 839, 90 L.Ed. 982 (1946)("Section 1447(d) applies 'not only to remand orders made in suits removed under [the general removal statute], but to orders made in cases removed under any other statutes, as well.'"); *Rubel v. Pfizer*, 361 F.3d 1016, 1019-20 (7th Cir. 2004).

The proscription of §1447(d) also is subject to explicit legislative exceptions that permit the appeal of a district court remand order, including civil rights cases removed pursuant to §1443, cases involving the Resolution Trust Corporation, and cases involving the Federal Deposit Insurance Corporation. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* §3740 at 519-521 (3d ed. 1998). However, "[a]bsent a clear statutory command to the contrary, we assume that Congress is aware of the universality of the practice of denying appellate review of remand orders when Congress creates a new ground for removal." *Things Remembered, Inc.*, 516 U.S. at 128, 116 S.Ct. at 497.

The Westfall Act creates such new grounds for removal. 28 U.S.C §2679. The Act describes two circumstances under which removal may be accomplished when a state law, non-diverse tort claim is brought against a federal employee. First, in the event that the Attorney General certifies that a federal employee was acting within the scope of his employment, this certification

6

conclusively establishes federal jurisdiction, even when the district court concludes that the Attorney General's certification was erroneous. 28 U.S.C. §2679(d)(2). See **Osborn v. Haley**, 422 F.3d 359, 365 (6th Cir. 2005)("Even if the district court finds that Haley acted outside the scope of his employment, it must nonetheless retain jurisdiction over this case.").  Second, in the event that the Attorney General refuses to certify the employee's scope of employment, the employee may petition the court for a separate determination of the scope of his employment. If this petition originally is brought in a state court, the Attorney General may remove it to federal court. 28 U.S.C. §2679(d)(3). If the district court determines that the employee was not acting in the scope of federal employment, "the action *shall be remanded* to the State court." 28 U.S.C. §2679(d)(3) (emphasis added).

Consequently, the district court's September 14, 2006 order may not be appealed, or stayed, if it was made for the reasons described in §1447(c), namely a defect in the removal process or the lack of subject matter jurisdiction. In addressing this question, it is necessary to draw a distinction between the two circumstances of removal contemplated under the Westfall Act. In the first instance, §2679(d)(2), the Attorney General's act of certification confers subject matter jurisdiction, conclusively, on the district court. See **Borneman v. United States**, 213 F.3d 819, 826 (4th Cir. 2000)(concluding that this subsection "conclusively vests federal jurisdiction" on the district court); **Aliota**

7

*v. Graham*, 984 F.2d 1350, 1357 (3rd Cir. 1993)("This . . . provision expresses Congress's intent that subject matter jurisdiction is conclusively established upon the Attorney General's certification.").

Comparably, §2679(d)(3) also is jurisdictional in nature when it states that if the Attorney General refuses to certify the employee's status and the district court concludes that this refusal was not erroneous, the case "shall be remanded." As noted, this court is bound to assume that Congress enacted this provision against the backdrop of the general rule prohibiting appeal of a remand described in §1447(d). Congress did not, as in other legislative settings, explicitly except this section from the requirements of §1447(d). To hold that §2679(d)(3) is not jurisdictional requires the conclusion that Congress recognized the jurisdictional nature of §2679(d)(2) when it made the Attorney General's certification "conclusive," but failed to recognize the jurisdictional nature of the Act's next provision when it required that, absent this certification, the case "shall be remanded."

Jaskolski's conclusory statements that a remand made pursuant to §2679 is not a remand made for lack of subject matter jurisdiction, and thus not subject to §1447(d), fails to recognize that the very purpose of the Westfall Act is to describe removal jurisdiction. *See* 28 U.S.C. 2679(d)(2)("This certification of the Attorney General shall conclusively establish scope of office or employment *for purposes of removal*.") (emphasis

8

added).  Consequently, Jaskolski's further argument, that the district court's September 14, 2006 order resolved the merits separate from jurisdiction, also is incorrect. In resolving the scope of employment question following the Attorney General's refusal to certify scope of employment, the district court was resolving a question that spoke directly to the basis of jurisdiction as defined by Congress in the Westfall Act. Simply put, as a case raising only state law claims between non-diverse parties, the Act itself is the only mechanism providing federal jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987)("[T]he touchstone of the federal district court's removal jurisdiction is . . . the intent of Congress.").

Nevertheless, at least one court has reached a contrary conclusion and found that a remand pursuant to §2679(d)(3) was not subject to the requirements of §1447(d). *See* *Hanna v. Naegele*, 1995 WL 723597 (10th Cir. 1995)(table listing at 72 F.3d 137). The Court of Appeals concluded that the district court did not "invoke" §1447(c), therefore §1447(d) was not implicated. The district court's certification decision was subject to appeal as a collateral order "in logic and in fact" that preceded the remand order. *Hanna*, 1995 WL 723597 at * 2 (*citing* *City of Waco v. United States Fidelity & Guaranty Company*, 293 U.S. 140, 143, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934). However, this court finds that the jurisdictional nature of §2679(d)(3) is clearly stated

9

within the Act and further dictated by the Supreme Court's *Kircher* decision. *See Kircher*, ___ U.S. ___, 126 S.Ct. at 2156 n.13 ("Without passing on the continued vitality of [*Waco*] in light of § 1447(d), we note that on its own terms it is distinguishable"); *accord Rubel*, 361 F.3d at 1019 ("If we could look past the conclusion (no jurisdiction) to the procedures behind it, the norm of §1447(d) would evaporate.").

In *Kircher*, the district court confronted the Securities Litigation Uniform Standards Act of 1998 (SLUSA) which authorizes the removal of state court securities based class actions to federal court when four conditions are present. 15 U.S.C. §78bb(f). The district court concluded that all four conditions had not been met and remanded the case "because the Court lacks subject matter jurisdiction." *Potter v. Janus Investment Fund*, 2004 WL 1173201 (S.D. Ill. 2004). Addressing the threshold jurisdiction question, the Seventh Circuit concluded that SLUSA did not regard subject matter jurisdiction. Comparing it to discretionary supplemental jurisdiction, the Court of Appeals found that the legislation only described the point at which the district court's role ended. In such circumstances, though the district court should remand, its decision to do so was discretionary and subject to appeal. *Kircher v. Putnam Funds Trust*, 373 F.3d 847, 850 (7th Cir. 2004).

In reversing this conclusion, the Supreme Court stated that the Act "must be seen as posing a jurisdictional issue." *Kircher,* ___ U.S. ___, 126 S.Ct. at 2155. The Supreme Court stated that if

10

the statute provides that the action may not be heard by the federal court, "the federal court likewise has no jurisdiction to touch the case on the merits." ***Kircher***, __ U.S. __, 126 S.Ct. at 2155. Accordingly, a remand made pursuant to the Act came within the requirements of §1447(d) and was not subject to appeal.

There is no meaningful distinction between the establishment of criteria that the district court is empowered to review under SLUSA and the district court's review of the Attorney General's refusal to certify employment status under the Westfall Act. In each case, the statute describes a limited district court inquiry - in the case of SLUSA the statutory requirements for the removal of a securities class action, and under the Westfall Act, the scope of employment determination - that, if not met, divests the court of jurisdiction. In fact, the Westfall Act is more explicit on this point than the simple delineation of requirements in SLUSA when it mandates remand in response to the district court's affirmation of the Attorney General's refusal to find the employee acting within the scope of federal employment. The Act plainly states that the action may not be heard by the federal court.

Because §2769(d)(3) is jurisdictional in nature and contains no statutory command that exempts it from the general removal statute, the court concludes that the remand ordered by the district court on September 14, 2006 divested the court of subject matter jurisdiction. This order is not subject to appeal or a stay from this court. Having concluded that the court is

11

without jurisdiction to grant a stay, the court will not address the parties' arguments regarding the criteria under which a stay is granted.

_____

For the foregoing reasons, the Motion to Stay Remand Pending Appeal filed by the defendants/petitioners, Joseph Jaskolski and the National Insurance Crime Bureau, on September 19, 2006, is **DENIED.**

ENTERED this 6th day of November, 2006

                              s/ ANDREW P. RODOVICH
                                  United States Magistrate Judge